IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | No. 4:22-CV-01269 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MICHAEL KNAPP, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

DECEMBER 5, 2024

Plaintiff Jerome Junior Washington, a serial *pro se* litigant, lodged the instant Section 1983[1] action in August 2022, alleging constitutional violations by two prison officials at SCI Rockview. Washington's Section 1983 claims have been winnowed to a single Eighth Amendment supervisory liability medical indifference claim against a corrections officer at SCI Rockview. That Defendant now moves for summary judgment on Washington's remaining Section 1983 claim pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court will grant Defendant's Rule 56 motion.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I. **FACTUAL BACKGROUND**[2]

During all times relevant to the claims underlying this lawsuit, Washington was incarcerated at SCI Rockview.[3] Washington is now housed at SCI Camp Hill.[4] In his complaint, he alleged that two SCI Rockview officials—Unit Manager Michael Knapp and Superintendent Bobbi Jo Salamon—violated his Eighth Amendment rights.[5]

The Court screened Washington's *pro se* prisoner complaint as required by 28 U.S.C. § 1915A(a) and dismissed all claims except the Eighth Amendment medical indifference claim against Unit Manager Knapp.[6] Specifically, the Court dismissed all Section 1983 claims against Superintendent Salamon for lack of

---

[2] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* "Statements of material facts in support of, or in opposition to, a motion [for summary judgment] shall include references to the parts of the record that support the statements." *Id.* Defendant filed a properly supported statement of material facts. *See* Doc. 68. Washington responded to this statement. *See* Doc. 74. Washington's responses, however, either lack citations to the record or contain citations that simply do not support his counterstatements of fact. This directly contravenes Local Rule 56.1. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (explaining that Local Rule 56.1 "is essential to the Court's resolution of a summary judgment motion due to its role in organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." (internal quotation marks and citations omitted)). Defendant's statements of material facts, therefore, are deemed admitted unless properly countered by Washington with citations to competent record evidence supporting Washington's counterstatements of fact. *See* LOCAL RULE OF COURT 56.1.
[3] *See* Doc. 68 ¶ 7; Doc. 74 ¶ 7.
[4] *See* Doc. 49 at 2.
[5] *See generally* Doc. 1; *see* Doc. 12 at 4.
[6] *See* Doc. 12 at 6-11; Doc. 13 ¶¶ 6-7.

2

personal involvement,[7] dismissed Washington's official capacity claims that sought monetary damages rather than prospective injunctive relief,[8] and dismissed all other Section 1983 claims against Knapp—including possible claims of denial of access to the courts, unconstitutional conditions of confinement, and verbal harassment—for failure to state a claim upon which relief may be granted.[9]

As to the Eighth Amendment claim that survived Section 1915A screening, the Court liberally construed Washington's complaint as alleging a supervisory liability claim regarding an unconstitutional policy or practice with respect to mental health care at SCI Rockview.[10] As the Court explained, Washington's complaint appeared to allege "that Knapp has a disciplinary policy or practice that does not properly account for the behaviors of mentally ill inmates and keeps them perpetually housed in the BMU," and which policy also intentionally blocks adequate psychological services to BMU inmates.[11] Washington, for his part, has never disputed the Court's construction of this claim or provided an alternative interpretation.

Fact discovery has closed, and defendant Knapp now moves for summary judgment on the remaining Eighth Amendment claim.[12] Washington eventually

---

[7] Doc. 12 at 6-7.
[8] *Id.* at 8-9.
[9] *Id.* at 9-11.
[10] *Id.* at 7-8.
[11] *Id.*
[12] Doc. 62.

filed a brief in opposition that complies with the Local Rules of Court.[13] On November 13, 2024, Knapp timely filed his reply brief.[14] Knapp's Rule 56 motion is now fully briefed and ripe for disposition.

## II.   STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[15] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[17]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[18] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[19] This evidence, however, must be

---

[13]  *See* Docs. 73, 76-79.
[14]  Doc. 82.
[15]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[16]  FED. R. CIV. P. 56(a).
[17]  *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[18]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[19]  *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).

adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[20] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[21] Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[22]

## III. DISCUSSION

Washington's remaining Section 1983 claim asserts deliberate indifference to serious medical needs via an unconstitutional policy or practice allegedly implemented by Knapp. Knapp contends that Washington cannot carry his Rule 56 burden for two reasons: *first*, Washington has not established the elements of a claim of deliberate indifference to serious mental health needs; *second*, Washington failed to exhaust administrative remedies with respect to any relevant claim against Knapp. The Court agrees that Washington has not satisfied his Rule 56 burden and will examine Knapp's arguments in reverse order.

---

[20] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[21] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[22] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

### A.    Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA)[23] requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.[24] Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system.[25] The exhaustion process a prisoner must follow is governed by the contours of the prison grievance system in effect where the inmate is incarcerated.[26]

Pennsylvania's Department of Corrections (DOC) employs a three-step grievance process that must be completed to properly exhaust administrative remedies in most cases.[27] If informal resolution attempts do not solve the problem, the first step is to file a written grievance (using form DC-804, Part 1) with the Facility Grievance Coordinator within 15 working days after "the event upon which the claim is based."[28] An adverse decision by the grievance coordinator must be appealed to the Facility Manager within 15 working days of the initial-

---

[23]  42 U.S.C. § 1997e *et seq.*
[24]  *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).
[25]  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).
[26]  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 90-91.
[27]  *See Booth v. Churner*, 206 F.3d 289, 292 n.2 (3d Cir. 2002); COMMONWEALTH OF PA., DEP'T OF CORR., INMATE GRIEVANCE SYS., Policy No. DC-ADM 804 (May 1, 2015) (hereinafter "DC-ADM 804").
[28]  DC-ADM 804 § 1(A)(3)-(5), (8).

review response or rejection.[29]  Finally, an adverse decision by the Facility Manager must be appealed to "Final Review" with the Secretary's Office of Inmate Grievances and Appeals (SOIGA), and again must be submitted within 15 working days of the date of the Facility Manager's decision.[30]

The DOC has specific requirements for grievances submitted by inmates. Those requirements include, among other conditions, that the grievance "be legible [and] understandable"; "include a statement of the facts relevant to the claim" as well as "the date, approximate time, and location of the event(s) that gave rise to the grievance"; that the prisoner "identify individuals directly involved in the event(s)"; and that the grievance include "the specific relief sought," including "compensation or other legal relief normally available from a court."[31]

Washington is an indefatigable *pro se* litigant who has many years of experience with both federal civil rights litigation[32] and the DOC's administrative grievance process.[33]  Knapp has identified only one grievance filed by Washington that has any relevance to the case at bar: grievance number 969009.[34]  Washington does not adequately dispute this assertion or provide any additional grievances.[35]

---

[29] *Id.* § 2(A)(1).
[30] *Id.* § 2(B)(1).
[31] *Id.* § 1(A)(11).
[32] *See Washington v. Salamon*, No. 4:23-CV-01626, Doc. 9 at 1, 3, 4 & n.7 (M.D. Pa. Apr. 22, 2024) (Brann, C.J.).
[33] *See Washington v. Anna*, No. 4:22-CV-01744, Doc. 39-1 (M.D. Pa. Jan. 2, 2024) (Brann, C.J.).
[34] Doc. 68 ¶ 66; Doc. 68-6.
[35] *See* Doc. 74 ¶ 66.  Although Washington cursorily mentions additional grievances in his opposition brief, (*see* Doc. 79 at 12), he does not provide copies of these grievances or state

Washington's failure to exhaust is obvious for two reasons. First, in grievance number 969009, Washington's allegations are exclusively related to his conditions of confinement on a single day in February 2022.[36] In fact, Washington opens the grievance by explicitly stating that it is "against Unit Manager Knapp [for] cruel & unusual conditions of confinement dated 2-16-22[.]"[37] Yet Washington's conditions-of-confinement claim regarding the events of February 16, 2022, has already been dismissed for failure to state a claim, as his allegations did not rise to the level of a constitutional violation.[38] Thus, Washington failed to exhaust the instant Eighth Amendment supervisory liability medical indifference claim because he never asserted this claim during the administrative process.

Second, even if Washington had raised this claim in grievance 969009, his attempts at exhaustion would still fall short. That is because he never properly pursued this grievance through all three steps of the DOC's grievance process. To wit: Washington's final appeal to the SOIGA was rejected on procedural grounds

---

their contents such that the Court could determine whether he exhausted (or even attempted to exhaust) the at-issue Eighth Amendment supervisory liability medical indifference claim. Washington's bald, unsupported assertion that he "exhausted such available administrative remedies that was [sic] offered in this case," (*id.*), is both conclusory and wholly insufficient at the Rule 56 stage to create a genuine dispute of material fact.

[36] *See* Doc. 68-6 at 6.
[37] *See id.* Although Washington also mentions being denied psychology treatment, (*see id.*), his complaint concerns only February 16, 2022, (*id.*).
[38] *See* Doc. 12 at 11 & n.49.

for failing to provide a legible copy of his initial grievance.[39] Washington provides no evidence or even an allegation that he cured this deficiency and received a merits determination from the SOIGA. Administrative exhaustion, however, requires an inmate to *properly* complete each step of the grievance process and receive a decision on the merits.[40]

In summary, Washington never asserted in any grievance of record that Knapp had implemented an unconstitutional policy or practice with respect to mental health care, much less did Washington receive a decision on the merits from the SOIGA on such a claim. Without raising or properly appealing this claim as required by DC-ADM 804, Washington failed to exhaust administrative remedies and thus procedurally defaulted the instant Eighth Amendment medical indifference claim. With no excuse for his procedural default, he is barred from seeking relief in federal court on this claim.[41] Summary judgment, therefore, must

---

[39] *See* Doc. 68 ¶ 69; Doc. 68-6 at 2. Washington disputes the Chief Grievance Officer's determination and alleges that he provided a copy of his initial grievance. *See* Doc. 74 ¶ 69. However, Washington's attempted rebuttal fails because (1) he does not aver that he provided a *legible* copy of the initial grievance for SOIGA review, and (2) he provides no citation to record evidence to support his counterstatement and therefore Knapp's statement of fact is deemed admitted. *See* LOCAL RULE OF COURT 56.1.

[40] *See Woodford*, 548 U.S. at 90 (explaining that proper administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation omitted)); *see also Williamson v. Wexford Health Sources, Inc.*, 131 F. App'x 888, 890 (3d Cir. 2005) (nonprecedential) (finding that filing initial grievance only was insufficient to exhaust administrative remedies under state prison's three-step grievance requirements).

[41] *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 304-05 (3d Cir. 2020); 42 U.S.C. § 1997e(a).

9

be granted in Knapp's favor based on Washington's failure to exhaust administrative remedies.

### B. Eighth Amendment Deliberate Indifference to Medical Needs

Even if Washington had exhausted his Eighth Amendment supervisory liability claim against Knapp, it would still fail on the merits. Washington has proffered no evidence of an unconstitutional policy or deliberate indifference to mental health needs.

A Section 1983 plaintiff can establish a supervisory liability claim by showing that a defendant, "with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused constitutional harm."[42] The alleged constitutional harm here is deliberate indifference to serious mental health needs. As best as the Court can discern, Washington alleged in his complaint that Knapp had a policy or practice by which he disciplined mentally ill inmates and kept them perpetually housed in the BMU, and which policy also denied them appropriate psychological services.[43]

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[44] To establish an Eighth Amendment deliberate indifference claim

---

[42] *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)).
[43] *See* Doc. 12 at 7-8 (citing Doc. 1 ¶¶ 10, 16, 31)).
[44] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

regarding inadequate medical care, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[45] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[46]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[47] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[48] Claims sounding in mere medical negligence will not suffice.[49]

Knapp's statement of material facts and attached records provide a thorough history of Washington's BMU phase progression and his psychological care at SCI Rockview.[50] The Court need not regurgitate the extensive treatment details set forth in this evidence. Suffice it to say that, according to the undisputed[51] record

---

[45] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[46] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[47] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[48] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[49] *Rouse*, 182 F.3d at 197.
[50] *See* Doc. 68 ¶¶ 15-64.
[51] Washington generally does not cite countervailing evidence in his counterstatement of material facts. *See* Doc. 74 ¶¶ 15-64. Although in several paragraphs he disagrees with Knapp's

evidence, during all relevant times Washington received constant psychological care from the SCI Rockview psychiatrist (Dr. Weber) and other mental health professionals, timely received BMU phase reviews at regular intervals, and largely progressed forward in his BMU phases.[52]

Washington has simply failed to put forth any evidence that Knapp sabotaged his BMU Phase progression, denied him access to psychological care, or otherwise interfered with his mental health treatment. Indeed, there is no evidence of an unconstitutional policy or practice by Knapp, nor is there any evidence that Knapp was deliberately indifferent to Washington's mental health needs.[53] The record actually reflects that Knapp frequently voted to advance Washington to the next BMU phase, even when others on the care team opposed this progression.[54] The record also demonstrates that Washington received regular psychological care while housed in the BMU at SCI Rockview with no interference from Knapp (or any other prison official, for that matter).[55]

Washington has not proffered evidence to support his remaining Eighth Amendment supervisory liability medical indifference claim against Knapp. So

---

statements of fact and cites to Knapp's exhibits, (*see id.* ¶¶ 26, 30, 33), those exhibits support—rather than contravene—Knapp's statements. Thus, Knapp's statements of material facts are deemed admitted. *See* LOCAL RULE OF COURT 56.1.

[52] *See* Doc. 68 ¶¶ 15-64.
[53] Washington's opposition brief is rife with aspersions and allegations, but it is bereft of evidence that could create a genuine dispute of material fact or sustain a judgment in his favor on this Eighth Amendment claim.
[54] *Id.* ¶¶ 34, 49, 63.
[55] *See* Doc. 68-2 (psychiatry progress notes).

even if Washington had properly exhausted this claim, summary judgment would still be granted in Knapp's favor.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Knapp's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge